IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                                                  PLAINTIFF

V.                                                                       CIVIL ACTION NO. 3:16-CV-00188-NBB-JMV

MARCUS W. PEELER, individually and
as trustee of, THE PEELER FAMILY
TRUST and OCTOBER 21, 1993
MARCUS W. PEELER AND TONYA K.
PEELER INTER VIVOS REVOCABLE
TRUST                                                                                         DEFENDANTS

## DEFAULT JUDGMENT

This cause comes before the court on the Motion for Default Judgment filed by plaintiff United States of America. The court finds that the defendants were properly served in this matter;[1] that the defendants failed to answer or otherwise defend themselves against the plaintiff's complaint; [2] and that the plaintiff is entitled to a judgment by default under Federal Rule of Civil Procedure 55.[3]

The Internal Revenue Service imposed tax penalties against the defendant, Marcus W. Peeler, for his failure to properly report income and pay over taxes to the United States for the period of March 31, 1998, through December 31, 1999. Peeler refused to pay in full the penalties assessed even after he was provided with notice of the assessments against him and demands for payment. Accordingly, the United States instituted proceedings and a judgment was entered in the amount $1,032,307.17 against Peeler in the United States District Court for

---

[1] "[V]alid service of process puts a defendant on notice that failure to file an answer to the complaint subjects him to the risk of a default judgment." *SUA Ins. Co. v. Buras*, 421 F. App'x 384, 385 (5th Cir. 2011).

[2] Because the defendants have failed to answer the complaint, the court accepts all well-pleaded factual allegations in the complaint as true. *United States for Use of M-Co Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

[3] "Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for default judgment." *Securities and Exchange Comm'n v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981).

the Middle District of Florida on July 21, 2016. To date, Peeler has not satisfied the aforementioned judgment against him.

The United States brings the instant action to foreclose federal tax liens that attach to real property ("the Subject Property") located in Lafayette County, Mississippi, described as Parcel 061W-01-015.00, that it contends is beneficially owned by Marcus Peeler but titled in the name of the October 21, 1993 Marcus W. Peeler and Tonya K. Peeler Inter Vivos Revocable Trust. The defendants were served but failed to answer, resulting in a clerk's entry of default. The United States subsequently filed the instant motion for default judgment.

Records demonstrate that the Subject Property was first transferred to Peeler in 1997 by a quitclaim deed. In 2001, Peeler and his then wife, Tonya K. Peeler, purported to transfer title of the Subject Property to the Marcus W. Peeler and Tonya K. Peeler Inter Vivos Revocable Trust ("Inter Vivos Trust") by warranty deed. However, no filings show any transfer of property from Peeler to him and his wife jointly prior to this time. Moreover, in the couple's marriage settlement agreement recorded in 2007, Tonya waived any claim or interest she may have in the Inter Vivos Trust.

The United States alleges that the Subject Property is beneficially owned by Peeler and merely titled in the name of the Inter Vivos Trust as his nominee. A nominee is a person or entity who "holds bare legal title to property for the benefit of another." *United States v. Ippolito*, 838 F. Supp. 2d 1287, 1291 (M.D. Fla. 2012) ; *see also Oxford Capital Corp. v. United States*, 211 F.3d 280, 284 (5th Cir. 2000). In determining nominee status, the court considers the following non-exhaustive factors: (1) whether the nominee paid adequate consideration for the property; (2) whether the property of the taxpayer was placed in the name of the nominee in anticipation of collection activity; (3) whether there is a close relationship between transferor and the nominee; (4) whether the transfer was recorded; (5) whether the transferor continues to

possess the property; and (6) whether the transferor retains enjoyment of the benefits of the transferred property.  *Oxford Capital*, 211F.3d at 284 n.1.

Pursuant to these factors, the court finds that the well-pleaded allegations demonstrate that Peeler is the true beneficial and equitable owner of the Subject Property and that the Inter Vivos Trust holds bare legal title as his nominee.  The Inter Vivos Trust paid only $10.00 for the Subject Property which this court finds to be inadequate consideration.  Additionally, Peeler transferred ownership of the property at a time when he had outstanding tax liabilities.  Peeler certainly has a close relationship with Inter Vivos Trust as he serves as its trustee.  Moreover, Peeler resides at the Subject Property and pays all expenses, including property taxes and utilities.  Finally, Peeler holds himself out to others as the owner of the Subject Property.

For these reasons, the court finds that the United States is entitled to the relief requested and hereby enters Default Judgment against defendants.  Accordingly, the court hereby orders and finds as follows:  Marcus W. Peeler, as trustee of the October 21, 1993 Marcus W. Peeler and Tonya K. Peeler Inter Vivos Revocable Trust, holds title to the Subject Property as its true and equitable owner;  the United States' federal tax liens against Marcus W. Peeler for unpaid trust fund recovery penalties attach to his interest in the Subject Property; any claims to the Subject Property by Marcus W. Peeler are subject to the federal tax liens against Marcus W. Peeler; and the tax liens on the Subject Property may be foreclosed and the Subject Property may be sold under 28 U.S.C. §§ 2001 and 2002 upon a motion for order of sale by the United States.

**SO ORDERED AND ADJUDGED** this, the 28th day of November, 2016.

        /s/Neal Biggers  
**NEAL B. BIGGERS, JR.**  
**UNITED STATES DISTRICT JUDGE**